UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRISON SOUTHFIELD
PARK LLC,

               Plaintiff,

     v.

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

          Defendants.

Case No. 2:17-cv-783
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

OLYMBEC USA LLC,

               Plaintiff,

     v.

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

          Defendants.

Case No. 2:19-cv-1041
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Garrison Southfield Park LLC's ("Plaintiff Garrison") Motion to Consolidate with *Olymbec USA LLC v. Closed Loop Refining and Recovery, Inc.* (17-CV-783, ECF No. 86); Defendants Kuusakoski Glass Recycling, LLC, Kuusakoski Inc., Kuusakoski U.S., LLC, and Vintage Tech, LLCs' ("the Kuusakoski Defendants") Response in Partial Opposition (ECF No. 94); and Plaintiff Garrison's Reply brief (ECF No. 97). Also before the Court is Plaintiff Olymbec USA LLC's ("Plaintiff Olymbec") Unopposed Motion to Consolidate with *Garrison Southfield Park LLC v. Closed Loop Refining and Recovery, Inc.* (19-CV-1041, ECF No. 3).

Plaintiff Garrison initiated Case Number 17-CV-783 on September 5, 2017, seeking declaratory judgment, cost recovery, and common law damages "resulting from environmental contamination" at two of Plaintiff Garrison's warehouses. (17-CV-783, Compl. ¶ 1, ECF No. 1). Plaintiff Olymbec filed its Complaint in Case Number 19-CV-1041 on March 20, 2019, also seeking declaratory judgment, cost recovery, and common law damages from environmental contamination at one of its warehouse properties. (19-CV-1041, Compl. ¶ 1, ECF No. 1). Both Plaintiffs bring claims under (1) the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, (2) the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601-9675, and (3) common law.

The Court related the cases on April 17, 2019. (19-CV-1041, ECF No. 23). Both Plaintiffs have moved for consolidation for all purposes. The Kuusakoski Defendants partially oppose Plaintiff Garrison's Motion, arguing that consolidation for expert discovery, dispositive motions, and trial "is premature and potentially prejudicial." (17-CV-783, Opp'n at 1, ECF No. 94). Specifically, the Kuusakoski Defendants aver that "significant factual differences do or may exist between the facilities and their individual cleanups . . . the numerous defendants and their relationship to the facilities . . . [and] between Plaintiffs Garrison and Olymbec which will differentially affect the allocation of liability under [CERCLA]." (*Id.* at 2). The Kuusakoski Defendants "do not object to the motion for consolidation for pretrial purposes through fact discovery." (*Id.* at 1).

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). District courts enjoy considerable discretion in deciding whether to consolidate cases. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993); *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992). "The underlying

objective [of consolidation] is to administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey*, 962 F.2d at 1180 (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2381 (1971)).

At this stage, the parties have not completed sufficient factual discovery to determine whether consolidation for expert discovery, dispositive motions, or trial would "result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011. Accordingly, Plaintiff Garrison's Motion is **GRANTED in part** and **DENIED in part** (17-CV-783, ECF No. 86), and Plaintiff Olymbec's Motion is **GRANTED in part** and **DENIED in part** (19-CV-1041, ECF No. 3). Case Number 17-CV-783 and Case Number 19-CV-1041 are hereby consolidated for purposes of fact discovery. Plaintiffs' requests to consolidate the cases past fact discovery are **DENIED without prejudice** pending the completion of fact discovery.

**IT IS SO ORDERED.**

5-28-2019
_____
DATE

_____
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE