IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GARRISON SOUTHFIELD PARK LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLOSED LOOP REFINING AND RECOVERY, INC., et al.,<br><br>    Defendants. | Case No. 2:17-cv-783-EAS-EPD<br><br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br><br>Magistrate Judge Elizabeth Preston Deavers |
| OLYMBEC USA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CLOSED LOOP REFINING AND RECOVERY, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-1041-EAS-EPD<br><br>CHIEF JUDGE EDMUND A. SARGUS, JR.<br><br>Magistrate Judge Elizabeth Preston Deavers |

**ORDER APPROVING SETTLEMENT AGREEMENTS EXECUTED BY PLAINTIFF GARRISON SOUTHFIELD PARK LLC, PLAINTIFF OLYMBEC USA LLC, AND DEFENDANTS ARROW RECOVERY GROUP, INC., B&K TECHNOLOGY SOLUTIONS INC. D/B/A ADVANCED TECHNOLOGY RECYCLING, CIE INTERNATIONAL L.L.C. D/B/A C2 MANAGEMENT, COHEN ELECTRONICS, INC., GREEN CHIP, INC., GREEN TECH RECYCLING, LLC, INTERCO TRADING, INC., JD BEAVERS CO. LLC, MRC I, LLC D/B/A MRC RECYCLING, ABC CORP HOLDINGS LLC D/B/A OHIO DROP OFF, LLC, POTOMAC ECYCLE, LLC, AND USB RECYCLING.COM, LLC**

This matter having come before the Court on the Joint Motion for Approval of Settlement Agreements Executed by Plaintiff Garrison Southfield Park LLC, Plaintiff Olymbec USA LLC ("Olymbec," along with Garrison referred to as the "Plaintiffs"), and Defendants Arrow

1

Recovery Group, Inc., B&K Technology Solutions Inc. d/b/a Advanced Technology Recycling, Cie International L.L.C. d/b/a C2 Management, Cohen Electronics, Inc., Green Chip, Inc., Green Tech Recycling, LLC, Interco Trading, Inc., JD Beavers Co. LLC, MRC I, LLC d/b/a MRC Recycling, ABC Corp Holdings LLC d/b/a Ohio Drop Off, LLC, Potomac Ecycle, LLC, and USB Recycling.com, LLC ("Defendants"), and any response thereto, it is hereby ordered as follows:

1. The Joint Motion for Approval of Settlement Agreements ("Motion") is granted.

2. The Settlement Agreements between Plaintiffs and Defendants ("Settlement Agreements"), attached to the Motion as Exhibit A, are approved, and the terms and conditions of the Settlement Agreements are hereby incorporated by reference into this Order as if fully restated herein.

3. Except for the exceptions stated in the Settlement Agreements, all claims asserted, to be asserted, or which could be asserted against Defendants by persons who are defendants or third-party defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring, or engineering control of electronic waste at, to or migrating from Garrison's properties located at 1655 and 1675 Watkins Road in Columbus, Ohio and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule,

ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

4. The payments by Defendants to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by the dollar amount of Defendants' settlement payments, and the Court need not determine Defendants' proportionate share of liability.

5. Defendants are dismissed from this lawsuit.

6. Pursuant to the authority contained in *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the Settlement Agreements.

7. IT IS SO ORDERED.

Dated: 7-16-2019

UNITED STATES DISTRICT JUDGE

3