UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRISON SOUTHFIELD
PARK LLC,

   Plaintiff,        Case No. 2:17-cv-783
               JUDGE EDMUND A. SARGUS, JR.
   v.            Magistrate Judge Elizabeth P. Deavers

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

   Defendants.

OLYMBEC USA LLC,

   Plaintiff,        Case No. 2:19-cv-1041
               JUDGE EDMUND A. SARGUS, JR.
   v.            Magistrate Judge Elizabeth P. Deavers

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

   Defendants.

## OPINION AND ORDER

In this consolidated case, there are two Plaintiffs: Garrison Southfield Park, LLC ("Garrison") and Olymbec USA LLC ("Olymbec") (together, "Plaintiffs"). Plaintiffs brought an action against several defendants for allegedly contributing to the environmental contamination of two warehouses owned by Garrison located at 1655 and 1675 Watkins Road, Columbus, Ohio 43207 (together, the "Properties"). The defendants then filed several counterclaims against Plaintiffs. The counterclaims were filed in three separate periods which caused Plaintiffs to file three joint motions to dismiss (together "Plaintiffs' Joint Motions to Dismiss Defendants' Counterclaims").

1

The initial counterclaims were filed by the following defendants: (1) American Retroworks, Inc. (ECF No. 302);[1] (2) Complete Recycling Solutions, LLC (ECF No. 299); (3) the entity referred to in its Answer as "Dynamic Lifecycle Innovations, Inc., i/s/a DYNAMIC RECYCLING, INC., f/k/a DYNAMIC LIFESTYLE INNOVATIONS, INC." (ECF No. 275); (4) Environmental Coordination Services & Recycling, Inc. (ECF No. 303); (5) F&F Environmental, Inc. d/b/a Quicksilver Recycling Services (ECF No. 307); (6) Green Wave Computer Recycling, LLC (ECF No. 280); (7) IMS Electronics Recycling, Inc. (ECF No. 283); (8) Kuusakoski, Inc. (ECF No. 282); (9) Kuusakoski Glass Recycling LLC (ECF No. 282); (10) Kuusakoski US, LLC (ECF No. 282); (11) Vintage Tech, LLC a/k/a Vintage Tech Kuusakoski, LLC (ECF No. 282); (12) RMG Enterprise, LLC (ECF No. 298); (13) Rochester Computer Recycling & Recovery, LLC d/b/a EWaste+ (ECF No. 251); (14) Sunnking, Inc. (ECF No. 304); (15) and Waste Commission of Scott County, Iowa (ECF No. 278). Plaintiffs responded by filing their first joint motion seeking dismissal of the defendants' counterclaims for attorney's fees and costs. (ECF No. 366).

Shortly thereafter, another counterclaim was filed by Defendant eCycleSecure, LLC. (ECF No. 370). Plaintiffs then filed their second joint motion seeking to dismiss Defendant eCycleSecure, LLC's counterclaim for attorney's fees and costs. (ECF No. 407). A final counterclaim was filed by Defendant Great Lakes Electronics Corporation. (ECF No. 413). And Plaintiffs filed their third and final joint motion seeking to dismiss[2] Defendant Great Lakes Electronics Corporation's counterclaim for attorney's fees and costs. (ECF No. 418).

---

[1] With respect to the motions filed in cases 2:17-cv-783 and 2:19-cv-1041, Olymbec and Garrison advance identical arguments in their joint Motions to Dismiss and Reply. The defendants also advance similar arguments in their various Memoranda in Opposition to Plaintiffs' joint Motion to Dismiss. Therefore, all references in this Opinion and Order are to case no. 2:17-cv-783, unless otherwise stated.

[2] Plaintiffs' second and third joint Motion to Dismiss incorporate the arguments set forth in their first joint Motion to Dismiss. Hereinafter, all references in this Opinion and Order are to Plaintiffs' first joint Motion to Dismiss.

For the reasons that follow, this Court **GRANTS** Plaintiffs' joint Motion to Dismiss. (ECF Nos. 366, 407 & 418).

## I. Facts

This case arises from an environmental remediation dispute between Plaintiffs and Defendants.[3] On March 20, 2019, in case 2:19-cv-1041, Olymbec filed its Complaint against Defendants. (ECF No. 1). Olymbec's Complaint included five causes of action: (1) declaratory judgment pursuant to 28 U.S.C. § 2201-2202; (2) cost recovery pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") (42 U.S.C. § 9607(a)); (3) recovery of preliminary investigative cost pursuant to Section 107(a) of CERCLA (42 U.S.C. § 9607(a)); (4) common law negligence and negligence per se; and (5) private nuisance. (*Id.* ¶ 503-556).

Nine days later, on March 29, 2019, in case 2:17-cv-783, Garrison filed its Amended Complaint against Defendants. (ECF No. 85). Garrison's Amended Complaint mimicked the same five causes of action in Olymbec's Complaint. (*Id.* ¶ 802-858). On April 17, 2019, this Court found the cases to be related. (ECF No. 91). And on May 29, 2019, this Court consolidated the two cases for fact discovery. (ECF No. 212).

In their Complaints, Plaintiffs bring this cost recovery action against Defendants, alleging Defendants contributed to the contamination of the Properties. (ECF No. 85 ¶ 1). Plaintiffs

---

[3] The defendants who have filed or joined counterclaims at issue in this Opinion and Order are as follows: (1) American Retroworks, Inc.; (2) Complete Recycling Solutions, LLC; (3) the entity referred to in its Answer as "Dynamic Lifecycle Innovations, Inc., i/s/a DYNAMIC RECYCLING, INC., f/k/a DYNAMIC LIFESTYLE INNOVATIONS, INC."; (4) eCycleSecure, LLC; (5) Environmental Coordination Services & Recycling, Inc.; (6) F&F Environmental, Inc. d/b/a Quicksilver Recycling Services; (7) Great Lakes Electronics Corporation; (8) Green Wave Computer Recycling, LLC; (9) IMS Electronics Recycling, Inc.; (10) Kuusakoski, Inc.; (11) Kuusakoski Glass Recycling LLC; (12) Kuusakoski US, LLC; (13) Vintage Tech, LLC a/k/a Vintage Tech Kuusakoski, LLC; (14) RMG Enterprise, LLC; (15) Rochester Computer Recycling & Recovery, LLC d/b/a EWaste+; (16) Sunnking, Inc.; and (17) Waste Commission of Scott County, Iowa (collectively, "Defendants").

maintain that they have incurred expenses for the remediation of the Properties, and their cost recovery action is an attempt to recoup those expenses. (*Id.* ¶ 808-28).

## II. Legal Standard

Plaintiffs argue that Defendants' counterclaims for attorney's fees and costs must fail according to Rule 12(b)(6). (ECF No. 366). Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) challenge, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (clarifying the plausibility standard articulated in *Twombly*).

A claim is plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.. In making this determination, a court "must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party." *City of Lancaster v. Flagstar Bank, FSB*, 789 F. Supp. 2d 873, 877 (S.D. Ohio 2011) (citing *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir. 1997)). The court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

## III. Analysis

The Counterclaims allege several claims against Plaintiffs.[4] (ECF No. 251 ¶ 150-158). But Plaintiffs have moved to dismiss only one—Defendants' counterclaim for attorney's fees and costs under Section 127(j) of CERCLA (42 U.S.C. § 9627(j)). (*See generally* ECF No. 366). Specifically, Plaintiffs argue they are entitled to dismissal on Defendants' counterclaim for attorney's fees and costs because the federal statute upon which Defendants rely to claim the fees—Section 127(j) of CERCLA—does not apply to Plaintiffs' cost recovery action. (ECF No. 366 at 7).

In response, Defendants argue primarily that Section 127(j) of CERCLA makes Plaintiffs liable for the attorney's fees and costs that they have accrued in defending Plaintiffs' cost recovery action. (ECF No. 249). In furtherance of this position, Defendants advance four arguments. (*See generally* ECF No. 399). First, Defendants contend that "CERCLA contribution provisions are admittedly applicable to the claims in this case" because Plaintiffs have entered into past settlements that characterize their claims as a contribution action. (ECF No. 399 at 5). Second, Defendants aver that Plaintiffs are not volunteers, and that their claims are properly characterized as contribution rather than cost recovery actions. (ECF No. 399 at 6). Third, Defendants argue that Plaintiffs' Motion to Dismiss is premature because "the merits of a request for attorney's fees and costs are judged at the conclusion of litigation if and when a party prevails and seeks such fees." (ECF No. 399 at 4). And fourth, Defendants maintain that the "public policy of the Superfund Recycling Equity Act ('SREA') would be thwarted by application of the law as suggested by Plaintiffs." (ECF No. 399 at 9).

---

[4] The Defendants brought three counterclaims against Plaintiffs. The first is a counterclaim for contribution under Section 113(f) of CERCLA (42 U.S.C. § 9613(f)). The second is a declaratory judgement under Section 113(g)(2) of CERCLA (42 U.S.C. § 9613(g)(2)). And the third is Defendants' counterclaim for attorney fees and costs under Section 127(j) of CERCLA (42 U.S.C. § 9627(j)). (ECF No. 251 ¶ 150-158).

While Defendants make several arguments in opposition to Plaintiffs' joint Motion to Dismiss, those arguments are inextricably linked to one overarching question—whether Section 127(j) of CERCLA applies to Plaintiffs' cost recovery action. To analyze that issue, this Court will begin with the text of Section 127(j) of CERCLA which states:

> [a]ny **person who commences an action in contribution** against a person who is not liable by operation of this section shall be liable to that person for all reasonable costs of defending that action, including all reasonable attorney's and expert witness fees.

42 U.S.C. § 9627 (emphasis added); *see Desert Palace, Inc. v. Costa,* 539 U.S. 90, 99 (2003) (noting that the starting point for interpreting a federal statute is the text itself). The plain text of the statute indicates that it applies to contribution actions. *See* 42 U.S.C. § 9627. But the statute is silent as to whether it applies to cost recovery actions. *Id.*

In this case, Plaintiffs have designated their claims against Defendants as a cost recovery action. Because Plaintiffs' action is designated as such, Plaintiffs contend that, based on the plain language of Section 127(j), attorney's fees and costs are inappropriate. (ECF No. 366 at 7-8). Defendants argue that even though Plaintiffs label their claims as a cost recovery action, the complex interplay between cost recovery and contribution actions is enough to subject Plaintiffs to attorney's fees and costs under Section 127(j) of CERCLA. (ECF No. 399 at 2-4 & 6). This Court disagrees.

Cost recovery actions and contribution actions are distinguishable in material ways that prevent Section 127(j) of CERCLA from being applied to Plaintiffs' cost recovery action. The Sixth Circuit has reviewed the interplay between cost recovery and contribution actions by focusing on the Supreme Court's decision in *United States v. Atl. Research Corp.* which observed that "[r]ecovery and contribution actions apply to 'persons in different procedural circumstances . . . .'" *See Fla. Power Corp. v. FirstEnergy Corp.,* 810 F.3d 996, 1001 (6th Cir. 2015) (citing *United*

*States v. Atl. Research Corp.*, 551 U.S. 128, 139 (2007)). The Sixth Circuit explained in *Fla. Power Corp. v. FirstEnergy Corp.* that the difference between the two actions is closely linked to the liability born by the parties. *See Fla. Power Corp*, 810 F.3d at 1001.

Further, "[u]nlike a cost recovery action—in which a party seeking reimbursement of response costs need not be liable to a third party, such as the EPA—a party seeking contribution must already be liable to a third party." *Id.* For example, after a plaintiff enters into an administrative settlement with the State to resolve all or part of its liability for the cost of remediating a cite, the plaintiff may seek contribution from any person who is not a party to the settlement agreement. 42 U.S.C. § 9613(f)(2)-(3). If a plaintiff becomes liable to a third party, such as the State, after entering into an administrative settlement, the response costs from paying to satisfy that settlement agreement is not always the plaintiff's sole responsibility. *See Atl. Research Corp.*, 551 U.S. at 139; *see also Fla. Power Corp*, 810 F.3d at 1001. In other words, by paying to satisfy an administrative settlement, a plaintiff has likely reimbursed other potentially responsible parties ("PRPs")[5] for their response costs which therefore makes those PRPs liable to the plaintiff. *See Atl. Research Corp.*, 551 U.S. at 139; *see also Fla. Power Corp*, 810 F.3d at 1001.

Once a plaintiff enters an administrative settlement and a PRP becomes liable to the plaintiff, Section 113(f) of CERCLA authorizes the plaintiff to bring a contribution action against the PRP. *See* 42 U.S.C. § 9613(f)(3)(B); *see also Fla. Power Corp*, 810 F.3d at 1000. In those situations, the Sixth Circuit has held that "the plaintiff may *only* bring a contribution action

---

[5] CERCLA imposes strict liability on past and present owners and operators of hazardous waste disposal sites. *Burlington Northern & Santa Fe Ry. v. United States*, 556 U.S. 599, 605 (2009). These past and present owners and operators are frequently referred to as potentially responsible parties or "PRPs." *Id.* The fourth element for establishing a prima facie contribution claim under CERCLA requires the defendant to fall within one of the four groups of PRPs described in 42 U.S.C. § 9607(a). *Duke Energy Fla., LLC v. FirstEnergy Corp.*, 731 Fed. Appx. 385, 389 (6th Cir. 2018). These four groups are as follows: (1) the owner or operator of a facility; (2) the owner or operator of a facility at the time a hazardous substance was released; (3) any person who arranged for disposal of a hazardous substance at a facility; and (4) any person who accepts hazardous waste for transport to disposal or treatment facilities. 42 U.S.C. § 9607(a)(1)-(4); *see also Duke Energy*, 731 Fed. Appx. at 389-390.

against" the PRP, not a cost recovery action. *Fla. Power Corp,* 810 F.3d at 1001 (emphasis added). The defining feature of an administrative settlement is that the agreement resolves the PRP's liability to the United States for some or all of a response action or for some or all of the costs of such action. *Id.* "To determine whether the agreement resolves a PRP's liability, we look to the specific terms of the agreement." *Id.*

The issue is then whether Plaintiffs' claims should be characterized as a cost recovery or contribution action. Even though the Ohio EPA encouraged the Attorney General of Ohio (the "Ohio AG") to bring legal and/or equitable proceedings against Plaintiffs, no such proceedings were ever initiated. (ECF No. 85 at ¶ 208-213). Rather, the Ohio AG invited Plaintiffs to negotiate the resolution of any potential claims that could arise from violations of Ohio hazardous waste laws and rules. (*Id.*). Those ongoing negotiations resulted in settlements between Plaintiffs and various defendants in this case. (*See generally* ECF No. 308 & 312). But after reviewing the specific terms of the settlements, it is clear that those agreement do not resolve Plaintiffs' liability to the State.[6] (*Id.*). For that reason, Plaintiffs' cost recovery action should not be characterized as an action in contribution. *Fla. Power Corp,* 810 F.3d at 1001. Accordingly, this Court will now consider whether Section 127(j) of CERCLA authorizes attorney's fees for Plaintiffs' cost recovery action.

In *Key Tronic Corp. v. United States*, the Supreme Court answered the question of whether attorney's fees are proper for a cost recovery action. *Key Tronic Corp.,* 511 U.S. at 811. In that case, the plaintiff sought attorney's fees for a cost recovery action it had initiated against the United

---

[6] This Court issued an Order approving a settlement between Plaintiffs and various defendants in this case. (ECF No. 312). The language in the Order discussing liability to the State applies to the defendants who entered the settlement, not Plaintiffs. (*Id.* at 2). Even still, the Order discharged all claims against the defendants except for those that can be brought by the "U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf . . . ." (*Id.*).

States. *Id.* at 812. The plaintiff wanted to recoup attorney's fees for three types of legal services: (i) identification of other PRPs, including the government, that were liable for clean up; (ii) preparation and negotiation of agreements with the EPA; (iii) and prosecution of the litigation. *Id.*

Using the language of Section 107(a) of CERCLA which states that a PRP is liable for "any . . . necessary costs of response incurred by any other person consistent with the national contingency plan," the district court held that the plaintiff could pursue attorney's fees against the United States. *Id.* at 812-13. The Ninth Circuit Court of Appeals reversed, however, concluding that a litigant could not recover attorney's fees for a private cost recovery action because Congress had not explicitly authorized that right. *Id.* at 813.

Ultimately, the Supreme Court affirmed in part and reversed in part the decision of the lower court. The Supreme Court agreed with the Ninth Circuit that CERCLA did not support plaintiff's claim for attorney's fees for both the preparation and negotiation of agreements with the EPA and the prosecution of the litigation generally. *Id.* at 819-20. However, the Supreme Court disagreed that all of the plaintiff's claims for attorney's fees were unrecoverable, reasoning that some legal work that is closely tied to the actual cleanup of a contaminated cite, such as identifying other PRPs, may constitute a necessary costs of response under Section 107(a) of CERCLA. *Id.* at 820. As such, the Court held that attorney's fees for identifying PRPs are a recoverable cost of response distinguishable from litigation expenses. *Id.*

While the *Key Tonics* court set forth a narrow rule for the recovery of attorney's fees under Section 107(a) of CERCLA, it nevertheless did so five years before the passage of SREA in 1999. *See generally Key Tronic Corp.*, 511 U.S. at 811; *see also United States v. Atlas Lederer Co.*, 97 F. Supp. 2d 830, 833 (S.D. Ohio Feb 16, 2000). In 1999, CERCLA was amended by SREA adding,

among other things, Section 127(j) which created the statutory right to attorney's fees for Section 113(f) contribution actions. *Atlas Lederer Co.*, 97 F. Supp. 2d at 833.

But in 2004 the Sixth Circuit in *Village of Milford v. K-H Holding Corp.* clarified how a CERCLA plaintiff could recover attorney's fees in a cost recovery action, and Defendants in the instant case have not alleged sufficient facts to recovery attorney's fees under that standard. *Vill. of Milford*, 390 F.3d at 936. The Court explained that under Section 107(a) of CERCLA, "[a] CERCLA plaintiff may recover attorney's fees if the activities for which the fees are incurred could have been performed by a non-attorney, are closely tied to an actual cleanup, are not related to litigation, and are otherwise necessary. Such activities may include, but are not limited to, identification of PRPs." *Id.* Here, Defendants have not alleged that their attorney's work is: (1) capable of being performed by a non-attorney; (2) closely tied to an actual cleanup; (3) unrelated to litigation; and (4) otherwise necessary. *Id.*

Further, the Supreme Court, in the context of interpreting CERCLA, has observed the absence of an explicit attorney's fees provision as suggesting a deliberate decision not to authorize such awards. *Key Tronic v. United States*, 511 U.S. at 818-19. After SARA was enacted, the Supreme Court in *Key Tronic* rejected the notion of awarding attorney's fees without an explicit statute reasoning that, "Congress included two express provisions for fee awards in SARA provisions without including a similar provision in either § 113, which expressly authorizes contribution claims, or in § 107, which impliedly authorizes private parties to recover cleanup costs from other PRP's. These omissions strongly suggest a deliberate decision not to authorize such awards." *Id.*

Ultimately, the line of cases above do not support a finding that Section 127(j) of CERCLA authorizes attorney's fees and costs for Plaintiffs' cost recovery action. Moreover, both parties

agree that this Court has the authority to decide attorney's fees and costs at its discretion. (ECF No. 399 at 4-5; ECF No. 414 at 17-18).

This Court concludes Section 127(j) is inapplicable to the instant cost recovery action. Defendant's remaining arguments hinge on the determination of whether Section 127(j) applies to Plaintiffs' cost recovery action. Since this Court concludes that it does not, Defendants' other arguments are of no moment. Consequently, Defendants have failed to plead a plausible claim under Section 127(j) of CERCLA.

### IV. Conclusion

Because Section 127(j) does not apply to Plaintiffs' Section 107(a) action, Defendants' counterclaims for attorney's fees and costs fail to state a claim for which relief can be granted. Accordingly, Plaintiffs' joint Motions to Dismiss are **GRANTED**. (2:17-cv-783, ECF Nos. 366, 407 & 418; 2:19-cv-1041, ECF Nos. 283, 318 & 332). Defendants' counterclaims for attorney's fees and costs are therefore **DISMISSED**. (2:17-cv-783, ECF Nos. 249, 251, 273, 275, 278, 280, 282, 283, 284, 298, 299, 302, 303, 304, 307, 370 & 413; 2:19-cv-1041, ECF Nos. 174, 192, 193, 194, 197, 198, 205, 206, 225, 226, 229, 230, 231, 234, 300 & 327). And Defendants' Motions for Joinder are **DENIED as moot**. (2:17-cv-783, ECF Nos. 402, 403, 404 & 410; 2:19-cv-1041, ECF Nos. 313, 314, 315 & 323).

**IT IS SO ORDERED.**

12-16-2019
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE