# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GARRISON SOUTHFIELD PARK LLC,**

        **Plaintiff,**

   v.

**CLOSED LOOP REFINING AND RECOVERY, INC.,** *et al.*,

        **Defendants.**

Case No. 2:17-cv-783
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

**OLYMBEC USA LLC,**

        **Plaintiff,**

   v.

**CLOSED LOOP REFINING AND RECOVERY, INC.,** *et al.*,

        **Defendants.**

Case No. 2:19-cv-1041
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

### ORDER APPROVING SETTLEMENT AGREEMENT EXECUTED BY PLAINTIFF GARRISON SOUTHFIELD PARK LLC, PLAINTIFF OLYMBEC USA LLC, AND DEFENDANT COMPUPOINT USA, LLC

This matter having come before the Court on the Motion for Approval of Settlement Agreement Executed by Plaintiff Garrison Southfield Park LLC, Plaintiff Olymbec USA LLC ("Olymbec," along with "Garrison" referred to as the "Plaintiffs"), and Defendant CompuPoint USA, LLC ("Defendant"), and any response thereto, it is hereby ordered as follows:

1. The Motion for Approval of Settlement Agreement is **GRANTED**. (2:17-cv-783, ECF No. 559; 2:19-cv-1041, ECF No. 440.)

2. The Settlement Agreement between Plaintiffs and Defendant ("Settlement Agreement"), attached to the Motion as Exhibit A (ECF No. 559-2), is **APPROVED**, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

3. Except for the exceptions stated in the Settlement Agreement, all claims asserted, to be asserted, or which could be asserted against Defendant by persons who are defendants or third-party defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring, or engineering control of electronic waste at, to or migrating from Garrison's properties located at 1655 and 1675 Watkins Road in Columbus, Ohio and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in his case or in any other proceeding.

4. The value of the in-kind services to be provided by Defendant to Plaintiffs, i.e., $400,000, shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C.

§ 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by this amount, and the Court need not determine Defendant's proportionate share of liability.

5. Defendant is dismissed from this lawsuit.

6. Pursuant to the authority contained in *Kokkonen* v. *Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994), this Court hereby retains jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the settlement agreements and consent decree.

**IT IS SO ORDERED.**

**1/11/2021**                                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                                **EDMUND A. SARGUS, JR.**
                                                                        **UNITED STATES DISTRICT JUDGE**