UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRISON SOUTHFIELD**
**PARK LLC,**

       **Plaintiff,**                                 Case No. 2:17-cv-783
                                                           JUDGE EDMUND A. SARGUS, JR.
     v.                                     Chief Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.*,

       **Defendants.**

**OLYMBEC USA LLC,**

       **Plaintiff,**                                 Case No. 2:19-cv-1041
                                                           JUDGE EDMUND A. SARGUS, JR.
     v.                                       Chief Magistrate Judge Elizabeth P. Deavers

**CLOSED LOOP REFINING**
**AND RECOVERY, INC.,** *et al.*,

       **Defendants.**

## ORDER

This matter is before the Court on Plaintiff Garrison Southfield Park LLC and Plaintiff Olymbec USA LLC's Motion for Rule 54(b) Certification of the Court's orders approving 24 settlement agreements. (Garrison ECF No. 613; Olymbec ECF No. 480.)[1] Plaintiffs' motion is unopposed. For the following reasons, the Court **GRANTS** the motion.

### I.

These cases arise under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). (Second Am. Compl., ECF No. 539.) Plaintiffs allege that

---

[1] For convenience, the Court will cite to the Garrison docket (2:17-cv-783).

Defendant Closed Loop and others collaborated in a sham recycling scheme, resulting in 64,000 tons of hazardous electronic waste at Plaintiffs' properties that will cost over $17 million to remove. (*Id.* ¶ 2.) Throughout this case, the Court has approved settlement agreements between Plaintiffs and settling Defendants ("Settlors") to facilitate cleanup of the e-waste. Plaintiffs seek certification of the Court's orders approving those settlement agreements as final judgments pursuant to Federal Rule of Civil Procedure Rule 54(b). (Pls.' Mot., ECF No. 613, at 2–3.) Specifically, Plaintiffs seek certification of the (1) July 16, 2019 Order, (2) the August 23, 2019 Order, (3) August 3, 2020 Order, and (4) the January 11, 2021 Order. (*Id.*)

## II.

Rule 54(b) of the Federal Rules of Civil Procedure provides that a district "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) should not be used routinely but reserved for the infrequent case where certification serves the interests of justice and judicial administration. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988).

Rule 54(b) certification requires two findings. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* Second, "the district court must 'expressly determine that there is no just reason' to delay appellate review." *Id.* (citing Fed. R. Civ. P. 54(b)). The Court must "clearly explain why it has concluded that immediate review of a challenged ruling is desirable." *Id.* (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61–62 (6th Cir. 1986)).

2

### A. Entry of Final Judgment

At the first step, the Court must dispose of one or more but fewer than all claims or parties in a multi-claim/multi-party action. *Id.* at 1026–27. As Plaintiffs point out, the Court has implicitly entered judgment on 24 settlements in this case, disposing of all claims against the Settlors and dismissing the Settlors from this litigation. (ECF Nos. 312, 400, 536, 683.)

### B. No Just Reason for Delay

At the second step, the Court must determine that there is no just reason for delay in certifying a final judgment. *Gen. Acquisition, Inc.*, 23 F.3d at 1027. This step requires the court to "balance the needs of the parties against the interests of efficient case management." *Id.* To do so, the Court must consider five non-exhaustive factors:

> "(1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including 'delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.'"

*U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (citing *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

**First**, the orders approving the settlement agreements dismiss only claims asserted against the Settlors. The adjudicated claims do not prevent the non-adjudicated claims from being fully and fairly adjudicated. The adjudicated claims do affect the liability to be apportioned among the remaining Defendants because the settlements all utilize the *pro tanto* approach, which reduces the amount of the remaining parties' liability by the dollar amount of the settlements. (ECF Nos. 312, 400, 536, 683.) However, as the Court discussed in approving those settlement agreements, such a result facilitates the purposes of CERCLA by "encourag[ing] faster settlements, and a faster

3

clean-up of the e-waste, by shifting the financial risks of an overly lenient settlement to the non-settling Defendants." *Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:17-CV-783, 2019 WL 3997683, at *6 (S.D. Ohio Aug. 23, 2019).

As Plaintiffs point out, certifying the orders also facilitates the purposes of CERCLA because Plaintiffs have already commenced on-site removal of the 60-plus thousand tons of e-waste using funds from these settlements. (Pls.' Mot. at 10.) Entry of partial judgment will ensure that the Settlors promptly pay, and that Plaintiffs can continue cleanup activities using the settlement funds, knowing that the settlements are final. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (holding that Rule 54(b) certification was appropriate because "[t]his is a complex case that has been ongoing for fourteen years, and the entry of partial judgment . . . would help ensure that a responsible party promptly pays for the contamination . . . advancing CERCLA's goals and easing the Tribes' burden of financing the litigation effort.")

**Second**, there is no prospect of the need for appellate review becoming moot due to future developments in the district court. The Settlors have already been dismissed from the case with prejudice, and any appellate issues will pertain to the particular settlement agreement between a Settlor and Plaintiffs. **Third**, the appellate review will not be required to hear the same issue twice because appellate review would be specific to a Settlor's agreement with Plaintiffs. These factors weigh in favor of Rule 54(b) certification.

**Fourth**, as the Court discussed above, each settled claim results in a "set-off" against the final judgment—it reduces the amount of the reaming liable parties' liability by the dollar amount of the settlements. This is par for the course in CERCLA litigation and furthers CERCLA's goal of effectuating prompt cleanup of hazardous waste sites by imposing cleanup costs on responsible

parties. *See Garrison Southfield Park LLC*, 2019 WL 3997683, at *4–5. Thus, this factor weights in favor of Rule 54(b) certification.

**Fifth**, the miscellaneous factors also weigh in favor of certification. Providing Plaintiffs and Settlors with a measure of finality (which the Court implicitly did in approving the settlement agreements) will facilitate faster cleanup if the e-waste at issue in this case and mitigate Plaintiffs' risk that settlement funds will have to be refunded potentially several years down the line. (Pls.' Mot. 10–12.) The Court agrees with Plaintiffs' assertion that that "no one intended for litigation against any of these dismissed Settlors to be resurrected years from now, long after Plaintiffs have used those settlement payments to fund the cleanup at the Facility." (*Id.* at 7.) Furthermore, none of the remaining Defendants in this case have opposed the instant motion for Rule 54(b) certification.

Accordingly, all five factors weigh in favor of granting Plaintiffs' motion and the Court finds that there is no just reason for delay.

### III.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Rule 54(b) Certification. (2:17-cv-783 **ECF No. 613**; 2:19-cv-1041 **ECF No. 480**.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** in 2:17-cv-783 (Garrison) and 2:19-cv-1041 (Olymbec) as to the following Orders:

(1) July 16, 2019 Order (2:17-cv-783 **ECF No. 312**; 2:19-cv-1041 **ECF No. 239**).

(2) August 23, 2019 Order (2:17-cv-783 **ECF No. 400**; 2:19-cv-1041 **ECF No. 311**).

(3) August 3, 2020 Order (2:17-cv-783; **ECF No. 536**; 2:19-cv-1041 **ECF No. 420**).

(4) January 11, 2021 Order (2:17-cv-783 **ECF No. 683**; 2:19-cv-1041, **ECF No. 547**).

This case is to remain open.

**IT IS SO ORDERED.**


**4/26/2021**                                                   **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                                                 **UNITED STATES DISTRICT JUDGE**