UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARRISON SOUTHFIELD
PARK LLC,

    Plaintiff,

v.

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

    Defendants.

Case No. 2:17-cv-783
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

OLYMBEC USA LLC,

    Plaintiff,

v.

CLOSED LOOP REFINING
AND RECOVERY, INC., *et al.*,

    Defendants.

Case No. 2:19-cv-1041
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER APPROVING KUUSAKOSKI SETTLEMENT AGREEMENT AND GRANTING VINTAGE TECH'S DISMISSAL

This matter is before the Court on Plaintiff Garrison Southfield Park LLC and Plaintiff Olymbec USA LLC's (together, the "Plaintiffs") Motion for Settlement with Defendants Kuusakoski Inc., Kuusakoski US LLC, Kuusakoski Glass Recycling LLC, Vintage Tech, LLC a.k.a. Vintage Tech Recyclers, Inc., and Vintage Tech Recycling ("Vintage Tech") (with Defendants Kuusakoski Inc., Kuusakoski US LLC, Kuusakoski Glass Recycling LLC, and Vintage Tech, 2 respectively and together, the "Defendants"). (ECF No. 669.)[1] Also before the

---

[1] For convenience, the Court will cite to the Garrison docket (2:17-cv-783) unless otherwise noted.

1

Court is Defendant Vintage Tech's Motion to Dismiss. (ECF No. 717.) For the following reasons, both motions are **GRANTED**.

 I. **Kuusakoski Motion for Approval of Settlement**

This Court previously held in abeyance the Motion for Approval of Settlement (ECF No. 669) and directed Plaintiffs to file a notice informing the Court whether the parties intended to either (1) accept the Court's approval of the settlement agreement on the understanding that the contribution bar does not extend to claims for express breach of contract and contractual indemnification; or (2) withdraw from the settlement agreement. (Order, ECF No. 787.) The Plaintiff filed a notice accepting the Court's approval of settlement. (ECF No. 796.) The Motion for Approval of Settlement (ECF No. 669) is therefore **GRANTED,** and the following are hereby ordered:

1. The Settlement Agreement between Plaintiffs and Defendant ("Settlement Agreement"), attached to the Motion as Exhibit A, is approved, and the terms and conditions of the Settlement Agreement are hereby incorporated by reference into this Order as if fully restated herein.

2. Except for the exceptions stated in the Settlement Agreement and for claims for express breach of contract and contractual indemnification, all claims asserted, to be asserted, or which could be asserted against Defendant by persons who are defendants or third-party defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring,

or engineering control of electronic waste at, to or migrating from Garrison's properties located at 1655 and 1675 Watkins Road in Columbus, Ohio and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

3. The payment by Defendant to Plaintiffs shall be credited pro tanto, and not pro rata, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by the dollar amount of Defendant's settlement payment, and the Court need not determine Defendant's proportionate share of liability.

4. All cross-claims against Defendant are dismissed, except for cross-claims for express breach of contract and contractual indemnification.

## II. Rule 54(b) Certification of Order Approving Kuusakoski Settlement

Plaintiffs additionally seek Rule 54(b) Certification for the settlement with Kuusakoski Defendants. (ECF No. 669, at 24.) One Defendant opposes the certification. (ECF No. 707, at 27.) The Court held this decision in abeyance until the Plaintiffs accepted or withdrew from the settlement agreement. (Order, ECF No. 787.) The decision is ripe for review.

Rule 54(b) of the Federal Rules of Civil Procedure provides that a district "court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Rule 54(b)

should not be used routinely but reserved for the infrequent case where certification serves the interests of justice and judicial administration. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988).

Rule 54(b) certification requires two findings. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case." *Id.* Second, "the district court must 'expressly determine that there is no just reason' to delay appellate review." *Id.* (citing Fed. R. Civ. P. 54(b)). The Court must "clearly explain why it has concluded that immediate review of a challenged ruling is desirable." *Id.* (citing *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61–62 (6th Cir. 1986)).

### A. Entry of Final Judgment

At the first step, the Court must dispose of one or more but fewer than all claims or parties in a multi-claim/multi-party action. *Id.* at 1026–27. The Court has entered judgment on 25 settlements in this case, disposing of all claims against the Settlors and dismissing the Settlors from this litigation. (ECF Nos. 312, 400, 536, 683, 787.)

### B. No Just Reason for Delay

At the second step, the Court must determine that there is no just reason for delay in certifying a final judgment. *Gen. Acquisition, Inc.*, 23 F.3d at 1027. This step requires the court to "balance the needs of the parties against the interests of efficient case management." *Id.* To do so, the Court must consider five non-exhaustive factors:

> "(1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other

>miscellaneous factors, including 'delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.'"

*U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013) (citing *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

**First**, this order approving the settlement agreements between Plaintiffs and Kuusakoski dismisses only claims asserted against Kuusakoski, the Settlor. The adjudicated claims do not prevent the non-adjudicated claims from being fully and fairly adjudicated. The adjudicated claims do affect the liability to be apportioned among the remaining Defendants because the settlement utilizes the *pro tanto* approach, which reduces the amount of the remaining parties' liability by the dollar amount of the settlements. (ECF Nos. 312, 400, 536, 683, 787.) As the Court discussed in approving previous settlement agreements, such a result facilitates the purposes of CERCLA by "encourag[ing] faster settlements, and a faster clean-up of the e-waste, by shifting the financial risks of an overly lenient settlement to the non-settling Defendants." *Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:17-CV-783, 2019 WL 3997683, at *6 (S.D. Ohio Aug. 23, 2019).

Certifying the orders also facilitates the purposes of CERCLA because Plaintiffs have already commenced on-site removal of e-waste. (ECF No. 669 at 24.) Entry of final judgment will ensure that the Settlors promptly pay, and that Plaintiffs can continue cleanup activities using the settlement funds, knowing that the settlements are final. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018) (holding that Rule 54(b) certification was appropriate because "[t]his is a complex case that has been ongoing for fourteen years, and the entry of partial judgment . . . would help ensure that a responsible party promptly pays for the contamination . . . advancing CERCLA's goals and easing the Tribes' burden of financing the litigation effort.")

**Second**, there is no prospect of the need for appellate review becoming moot due to future developments in the district court. This order dismisses the Settlor from the case with prejudice. There will be no future rulings in the Court involving the Settlor that would moot any need for appellate review of the issues. **Third**, the appellate review will not be required to hear the same issue twice because appellate review would be specific to the Settlor's agreement with Plaintiffs. Defendant Electronic Manufacturers Recycling Management Co.'s argument that there will be multiple, overlapping appeals with Sony is moot because the Court denied the settlement between Sony and Plaintiffs. (Resp. in Opp., ECF No. 707 at 28; *see* Order, ECF No. 787.) These factors weigh in favor of Rule 54(b) certification.

**Fourth**, as the Court discussed above, each settled claim results in a "set-off" against the final judgment—it reduces the amount of the reaming liable parties' liability by the dollar amount of the settlements. This is par for the course in CERCLA litigation and furthers CERCLA's goal of effectuating prompt cleanup of hazardous waste sites by imposing cleanup costs on responsible parties. *See Garrison Southfield Park LLC*, 2019 WL 3997683, at *4–5. Thus, this factor weights in favor of Rule 54(b) certification.

**Fifth**, the miscellaneous factors also weigh in favor of certification. Providing Plaintiffs and the Settlor with a measure of finality will facilitate faster cleanup and mitigate Plaintiffs' risk that settlement funds will have to be refunded potentially several years down the line. As Plaintiffs point out, CERLA's goal is "to remediate hazardous substances in a 'prompt and efficient manner'." (ECF No. 669, at 32.)

Accordingly, all five factors weigh in favor of granting Plaintiffs' motion and the Court finds that there is no just reason for delay. This order approving settlement shall have the full force and effect of a final judgment under Fed. R. Civ. P. 54 and 58. This Court nevertheless retains

jurisdiction and shall retain jurisdiction after entry of final judgment in this case to enforce the terms and conditions of the Settlement Agreement.

### III. Vintage Tech's Motion to Dismiss

The Court previously held in abeyance Defendant Vintage Tech's Motion to Dismiss because it was contingent on the Kuusakoski settlement. (Order, ECF No. 787). Because the approved Kuusakoski settlement bars Samsung claims for CERCLA contribution, common law contribution, negligence, and declaratory judgment, against Vintage Tech, Vintage Tech's Motion to Dismiss (ECF No. 717) is **GRANTED**.

### IV. Conclusion

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiffs' Motion for Approval of Settlement (Garrison **ECF No. 669**; Olymbec **ECF No. 534**) and certifies this order under Rule 54(b) as a final judgment.

2. **GRANTS** Defendant Vintage Tech's Motion to Dismiss (Garrison **ECF No. 717**; Olymbec **ECF No. 575**).

This case is to remain open.

**IT IS SO ORDERED.**

**12/31/2021**                                                  **s/Edmund A. Sargus, Jr.**  
**DATE**                                                           **EDMUND A. SARGUS, JR.**  
                                                                       **UNITED STATES DISTRICT JUDGE**