UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GARRISON SOUTHFIELD PARK LLC,**

      **Plaintiff,**

  v.

**CLOSED LOOP REFINING AND RECOVERY, INC.,** *et al.*,

      **Defendants.**

Case No. 2:17-cv-783
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

**OLYMBEC USA LLC,**

      **Plaintiff,**

  v.

**CLOSED LOOP REFINING AND RECOVERY, INC.,** *et al.*,

      **Defendants.**

Case No. 2:19-cv-1041
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## ORDER APPROVING HAIER AMERICA COMPANY, LLC, AND MICRO CENTER, INC. SETTLEMENT AGREEMENTS

This matter is before the Court on Plaintiff Garrison Southfield Park LLC and Plaintiff Olymbec USA LLC's (together, the "Plaintiffs") Motion for Approval of Settlement Agreements with Defendant Haier America Company, LLC ("Haier"), and Defendant Micro Center, Inc. ("Micro Center," along with Haier referred to as the "Defendants") (**Garrison ECF No. 815**; **Olymbec ECF No. 674**). The motion is unopposed. For good cause shown, the motion is **GRANTED** and the following are hereby ordered:

    1.    The Settlement Agreements between Plaintiffs and Defendants ("Settlement Agreements"), attached to the Motions as Exhibit A-1 and A-2, are approved, and the terms and

conditions of the Settlement Agreements are hereby incorporated by reference into this Order as if fully restated herein.

2. Except for the exceptions stated in the Settlement Agreements and for claims for express breach of contract and contractual indemnification, all claims asserted, to be asserted, or which could be asserted against Defendants by persons who are defendants or third-party defendants in this case (whether by cross-claim or otherwise) or by any other person or entity (except the U.S. Environmental Protection Agency ("U.S. EPA"), the United States acting on U.S. EPA's behalf, the Ohio Environmental Protection Agency ("Ohio EPA"), and the State of Ohio acting on Ohio EPA's behalf) in connection with the presence, generation, transportation, storage, treatment, disposal, abandonment, release, threatened release, removal, remediation, monitoring, or engineering control of electronic waste at, to or migrating from Garrison's properties located at 1655 and 1675 Watkins Road in Columbus, Ohio and Olymbec's property located at 2200 Fairwood Avenue in Columbus, Ohio under Sections 107 or 113 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9607 and § 9613, and/or any other federal, state or local statute, regulation, rule, ordinance, law, contract, common law, or any other legal theory are hereby discharged, barred, permanently enjoined, dismissed with prejudice, satisfied, and are otherwise unenforceable in this case or in any other proceeding.

3. The payment by Defendants to Plaintiffs shall be credited *pro tanto*, and not *pro rata*, during any equitable allocation of response costs among liable parties by the Court in this matter pursuant to 42 U.S.C. § 9613(f)(1). The liability of the remaining liable parties shall accordingly be reduced by the dollar amount of Defendants' settlement payments, and the Court need not determine Defendants' proportionate share of liability.

  4. Because there are no crossclaims for express breach of contract and contractual indemnification asserted against Defendants, they are dismissed from this lawsuit.

  5. This Order shall have the full force and effect of a final judgment under Fed. R. Civ. P. 54 and 58. This Court nevertheless retains jurisdiction after entry of final judgment to enforce the terms and conditions of the Settlement Agreements.

  **IT IS SO ORDERED.**

**5/24/2022**                **s/Edmund A. Sargus, Jr.**
**DATE**                   **EDMUND A. SARGUS, JR.**
                      **UNITED STATES DISTRICT JUDGE**